UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN NORRIS, | ) | CASE NO. 1:23-cv-670 |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| DREW SWERTZFIGURE, *et al*., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

**Background**

*Pro se* Plaintiff Steven Norris has filed an *in forma pauperis* complaint in this action under 42 U.S.C. § 1983 on behalf of himself and his minor children against "Cuyahoga County [Division of] Children and Family Services" (CCDCFS) and Investigator Drew Swertzfigure. (Doc. No. 1.)

His complaint does not set forth clear factual allegations or constitutional claims. It appears Plaintiff contends that his, and his children's, rights were violated in connection with a state juvenile court proceeding. He states he lost custody of his children as a result of "a fraudulent affidavit filed in Cuyahoga County Juvenile Court by [CCDCFS]." (*Id*. at 1.) He seeks $4 million in damages.

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted.

**Standard of Review and Discussion**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2)(B). That statute requires district courts to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such

action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Further, although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations, or construct claims, on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001).

Upon review, the Court finds that plaintiff's complaint must be dismissed.

First, it appears Plaintiff's complaint pertains to on-going state juvenile court matter. Under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44-45 (1971), federal courts lack jurisdiction over cases which interfere with pending state court proceedings involving important state interests unless extraordinary circumstances are present. Federal court abstention is warranted where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate

opportunity to raise federal claims. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45).

All three factors supporting abstention exist. The State of Ohio has an important interest in enforcing its laws regarding domestic and child custody matters. *See Butterfield v. Steiner*, No. C2-01-1224, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) ("Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]") (citing *Moore v. Sims*, 442 U.S. 415 (1979)). And in "the absence of unambiguous authority to the contrary," it is assumed that state court procedures afford litigants an adequate opportunity to raise their federal claims in a state case. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15 (1987). The Court will not interfere with a pending state juvenile court matter.

Second, even if not barred by *Younger*, Plaintiff's complaint still fails to state a plausible claim upon which he may be granted relief.

Plaintiff fails to state a claim to the extent he purports to bring the action or assert claims on behalf of his minor children because an individual may not appear *pro se* or represent anyone other than himself in federal court. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003). And the unclear and conclusory statements set forth in his pleading (that his children were wrongfully taken from his custody as a result of a "fraudulent affidavit" and/or or other conduct relating to a juvenile court proceeding) fail to meet basic pleading requirements necessary to state a plausible claim in federal court. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, Plaintiff's does not set forth discernible specific factual allegations of

misconduct as to Defendant Swertfigure. Where individuals are merely named as defendants in a civil rights action without supporting specific allegations of conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to pro se plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights). And county departments of children's services such as CCDCFS are not persons subject to suit under § 1983. *See Rose v. Dep't of Children & Family Servs.*, No. 1:19 CV 127, 2019 WL 2123067, at *2 (N.D. Ohio May 15, 2019) (Cuyahoga County Department of Children and Family Services is not sui juris and cannot be sued in its own right).[1]

## Conclusion

For all of the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

**IT IS SO ORDERED.**

**Date:** July 21, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

---

[1] Even to the extent Plaintiff's complaint may be liberally construed against Cuyahoga County, Plaintiff fails to state a plausible claim because he does not claim or allege facts plausibly suggesting that an unconstitutional policy or custom of Cuyahoga County itself caused a deprivation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (a local government may be liable under § 1983 only when its own "policy or custom" causes a constitutional injury).